L. Barron Hill, J.
Plaintiff’s motion for summary judgment challenges the constitutionality of a portion of the licensing provision of the Pari-Mutuel Revenue Law (L. 1940, ch. 254, § 41, as amd. by L. 1953, ch. 391): “ § 41. Officials at harness horse race meetings. At all harness race meetings licensed by the state harness racing commission in accordance with the provisions of this act qualified judges and starters shall be designated by the state harness racing commission. No person shall be designated as a judge or starter unless he shall be licensed by the United States Trotting Association as a duly qualified pari-mutuel race meeting official. Such officials shall enforce the rules and regulations of the state harness racing commission and shall render regular written reports of the activities and conduct of such race meetings to the state harness racing commission. The compensation of such judges and starters shall be fixed by the state harness racing commission and by the association or corporation conducting such race meeting ”.
*569 That portion of the law challenged reads: “No person shall be designated as a judge or starter unless he shall be licensed by the United States Trotting Association [hereafter referred to as U. S. T. A.] as a duly qualified pari-mutuel race meeting official.” Plaintiff made application to defendant for the position of race official at one of the pari-mutuel trotting tracks. Although concededly qualified for such position, his application was denied on the sole ground that he had not obtained a license from the U. S. T. A. as required by section 41. The facts in this action are not in dispute. Defendant’s brief at page 3 reads: ‘ ‘ The essential facts are not in dispute. The only question then for the Court on this motion, and cross-motion, is the constitutionality of the said provision of law”. The U. S. T. A. is a private membership corporation organized under the laws of the State of Ohio. A charge of $25 is exacted for each license issued which fee I do not find to be regulated by law or'agreement; Matter of Fink v. Cole (302 N. Y. 216) is authority for the question at issue here. In the Fink case the court said at page 225: “ In our view the delegation by the Legislature of its licensing power to The Jockey Club, a private corporation, is such an abdication as to be patently an unconstitutional relinquishment of legislative power in violation of section 1 of article III of the Constitution of this State which provides: * The legislative power of this State shall be vested in the Senate and Assembly. ’ * * * Even if the Legislature’s power to license had been delegated to a governmental agency, the statute now challenged would have to be stricken down for lack of guides and proper standards.”
It follows that plaintiff’s motion for summary judgment is granted and that defendant’s cross motion to dismiss the complaint is denied.
Submit order.